IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ENRIQUE MISAEL BUSTILLO
HERNANDEZ,

     Petitioner,

v.                                     Civil Action No. 2:26-cv-662

JEFFREY CRAWFORD, *et al.*,

     Respondents.

**MEMORANDUM ORDER**

Petitioner Enrique Misael Bustillo Hernandez ("Petitioner"), a noncitizen and detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging that he has been unlawfully detained and denied a bond hearing under 8 U.S.C. § 1226. Dkt. No. 1.

Petitioner was taken into ICE custody and has been detained at the Farmville Detention Center. Dkt. No. 1. Petitioner asks this Court to order his release from ICE custody or, in the alternate, to order a bond hearing under 8 U.S.C. § 1226. The Petition turns on the resolution of an issue pending throughout the courts: whether Petitioner, as a noncitizen who entered the United States without inspection is entitled to a bond hearing under 8 U.S.C. § 1226(a), or whether he is subject to mandatory detention as provided for in 8 U.S.C. § 1225(b)(2)(A).

Given the apparent similarities between this case and others pending before the Court, the Court ordered Respondents to file a notice indicating whether the factual and legal issues presented in the present Petition differ in any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 807 F. Supp. 3d 564 (E.D. Va. 2025). In response, Respondents notified the Court

that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*" and the Respondents incorporate their arguments from that case into the record here. Dkt. No. 7; *see Duarte Escobar*, No. 3:25-cv-758, Dkt. No. 18.

Based on this Court's review of the filings in this case and the arguments made in *Duarte Escobar*, Petitioner is not "seeking admission" for purposes of § 1225(b)(2) and instead falls into the category of "aliens already in the country" subject to the discretionary detention provisions in § 1226(a). Therefore, the Court concludes that 8 U.S.C. § 1226(a) entitles Petitioner to a bond hearing before an Immigration Judge. Other jurists in this Court have previously addressed the same arguments concerning the application of 8 U.S.C. § 1226(a) in this context in cases such as *Hasan v. Crawford*, 800 F. Supp. 3d 641, 651–57 (E.D. Va. 2025), and the Court incorporates *Hasan*'s reasoning into this Order.

The Supreme Court has "long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). "But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Accordingly, the discretionary detention provisions of 8 U.S.C. § 1226(a) apply in this case, and therefore Petitioner's continued detention without a bond hearing is unlawful and violates Petitioner's due process rights.

For these reasons, the Court will GRANT the Petition, and ORDER that Petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten (10) days of this Order.

Respondents are ORDERED to file a status report with this Court within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the case-specific reasons given by the Immigration Judge for that denial.

Let the Clerk of the Court send a copy of this Final Order to all counsel of record and to Petitioner at his address of record.

It is SO ORDERED.

/s/
_____
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: July 2, 2026

3